WAYNESVILLE WOOD MANUFACTURING COMPANY v. BER-
LIN MACHINE WORKS.

(Filed 27 May, 1907).

1. **Nonsuit—Evidence—Contract—Nominal Damages.**—It is error to
sustain a motion as of nonsuit when there is evidence tending to
show a breach of contract of sale; if such be proved, nominal
damages are at least recoverable.

2. **Same—Measure of Damages.**—When there is evidence tending to
show a breach of contract in the respect of the construction and
perfectness of a machine sold by defendant, that plaintiff noti-
fied defendant of its declining to receive the machine, but at
the request of defendant repeatedly tried it, which resulted in
the defendant remedying it so it then proved to be perfect and
capable of doing the work for which it was constructed, the
plaintiff's measure of damages is a recovery of all extra expense
incurred while trying the imperfect machine as well as such
damages as were reasonable within the contemplation of the
parties at the time the contract was made.

3. **Same—Breach of Warranty—Collateral Contracts.**—In an action
against the seller for breach of warranty of sawmill machinery,
the purchaser cannot recover for loss of profits in lumber con-
tracted to be sold, if such contract was not known to the seller.

CIVIL ACTION to recover damages for an alleged breach of
contract in the construction and sale of certain planing ma-
chinery, tried before *McNeill, J.,* and a jury, at Spring
Term, 1906, of the Superior Court of HAYWOOD County.
From the judgment of the Court sustaining a motion to non-
suit, the plaintiff appealed.

*Crawford & Hannah* and *W. B. & H. R. Ferguson* for
plaintiff.
*Merrimon & Merrimon* for defendant.

BROWN, J.   The plaintiff purchased from defendant cer-
tain machinery, under a written contract, dated 1 January,
1900, under the terms of which the purchaser had the right

144—44

to reject the same if upon trial it proved to be deficient. The plaintiff offered evidence tending to prove that it was defective and not according to contract, and that plaintiff notified defendant of its defects and that the machinery was subject to its order. The plaintiff also offered evidence that it tried the machinery again for some time at defendant's request, and that defendant sent its agent to plaintiff's mill to remedy the defects, but that they were never remedied until a new cylinder head was constructed by defendant and put in place of the one shipped in first instance with the machinery.

The ground of the nonsuit seems to be that his Honor was of opinion that there was no evidence of damage, and therefore refused to submit appropriate issues raised by the pleadings to the jury. In this we think there was error. There was evidence tending to prove a breach of the contract of-sale in respect of the construction and perfectness of the machine; and further, that plaintiff tried the machine at defendant's request for some time after it had notified defendant of its declination to accept it as a compliance with the contract. This entitled plaintiff to have the issue relating to such breach submitted to and determined by the jury, and if found for plaintiff, entitled it to recover at least nominal damages, which would carry the costs. The rule of damage that the plaintiff may recover the difference in value between the machine first shipped and its value had it come up to contract and been a perfect machine cannot well be applied in this case, because, after repeatedly trying the imperfect cylinder head at plaintiff's mill, the defendant constructed and put in place another, which proved to be a perfect machine and capable of doing the work for which it was constructed. But we think the plaintiff is entitled to recover all extra expense it incurred while trying the imperfect cylinder at defendant's request, as well as such actual damage as it sustained, which might be said to be reasonably within the contemplation of

MANUFACTURING Co. *v.* MACHINE WORKS.

the parties at the time the contract was entered into.  *Kesler v. Miller,* 119 N. C., 476; *Critcher v. Porter Co.,* 135 N. C., 543.

The learned counsel for plaintiff contended that plaintiff had a written contract with one Smith, of New York, to sell to him at a certain price its entire output of its mill, and that in consequence of the defective cylinder, while using it before the new one came, plaintiff lost the net profits on six carloads of its manufactured lumber, and that it is entitled to recover this sum as damage.  As the case is to·be tried again, we will not go fully into this contention, as the evidence on the next trial may present a different aspect.  But in the well-considered opinion of *Mr. Justice Connor* in the case of *Critcher v. Porter, supra,* it seems to be settled that "in an action for breach of warranty as to sawmill machinery the purchaser cannot recover for loss of profits in lumber contracted to be sold if the contract was not known to the seller."  To the same effect are *Manufacturing Co. v. Rogers,* 19 Ga., 416; *Sycamore Co. v. Strum,* 13 Nebr., 210; *Allen v. Tompkins,* 136 N. C., 210.  In the record before us there is no evidence whatever that when defendant entered into the contract with plaintiff it had any knowledge of the alleged contract with Smith.

New Trial.